[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 16, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13276
Non-Argument Calendar

_____

BIA Nos. A95-237-495 & A95-237-496

JOSE FERNANDO PALACIOS,
CLARIVEL OSORIO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(July 16, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Jose Fernando Palacios and his wife, Clarivel Osorio, petition for review of

the order of the Board of Immigration Appeals that affirmed the denial of their applications for asylum and withholding of removal.  Palacios argues the Autodefensas Unidas de Colombia (AUC) persecuted him in Colombia on account of his political opinion.  The government responds that Palacios has waived any challenge to the finding by the Board that recent developments in Colombia have established that Palacios's alleged fear is no longer well-founded. We deny the petition.

We review the decision of the Board because it did not expressly adopt the opinion or reasoning of the Immigration Judge. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  We review legal issues de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247 (11th Cir. 2001). Factual findings are reviewed under the substantial evidence test. Al Najjar, 257 F.3d at 1283. Under that test, we must deny relief if the decision of the Board is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 1284. "To reverse a factual finding by the [Board], [we] must find not only that the evidence supports a contrary conclusion, but that it compels one." Farquharson v. U.S. Att'y Gen., 246 F.3d 1317, 1320 (11th Cir. 2001). We review the findings of the Board in the light most favorable to the government.  Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). A petitioner abandons an issue if he fails to offer any argument about that issue in his initial brief. Sepulveda v. U.S.

2

Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

To establish eligibility for asylum, the alien must, with specific and credible evidence, prove a "well-founded fear" of future persecution based on a protected ground. 8 C.F.R. § 208.13(b). If the petitioner proves past persecution, there is a rebuttable presumption that he has a well-founded fear of future persecution. Id. § 208.13(b)(1). The government may rebut the presumption by proving that the circumstances in the petitioner's country have changed to the extent that the petitioner no longer has a well-founded fear of persecution. Antipova v. U.S. Att'y Gen., 392 F.3d 1259, 1264 (11th Cir. 2004). A failure to establish entitlement to asylum necessarily means that the corresponding application for withholding of removal fails. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1288 n.4 (11th Cir. 2005).

In his initial brief, Palacios does not challenge the finding by the Board that, because the AUC declared a cease fire in 2004 and demobilized in 2006, Palacios no longer has a well-founded fear of persecution by that group. Palacios's failure to challenge that dispositive finding means that he has waived any argument against the denial of his applications for asylum and withholding of removal. We deny Palacios's petition.

**PETITION DENIED.**